UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RANJILL O'NEAL**
**on behalf of herself and a class of those**
**others similarly situated,**

    **Plaintiffs,**

v.                                                  Case No.

**TRULIEVE, INC.**

    **Defendant.**
_____/

## CLASS ACTION COMPLAINT

**RANJILL O'NEAL** ("O'Neal") ("Plaintiff"), on behalf of herself and a class of those similarly situated, by and through the undersigned counsel, hereby sue **TRULIEVE, INC.** ("Defendant") and alleges as follows:

### NATURE OF THE ACTION

1. This is an action brought pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §2101 et. seq. ("WARN Act"). Defendant is liable under the WARN Act for the failure to provide Plaintiff and all other similarly situated former employees at least 60 days' advance notice of their terminations, as required by the WARN Act.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1331 and 29 U.S.C §2104 (a)(5).

3.     Venue in this Court is proper pursuant to 29 U.S.C. §2104(a)(5).

## THE PARTIES

4.     Plaintiff O'Neal is a citizen and resident of the State of Florida and was employed by Defendant until termination without cause on or about November 29, 2022. Plaintiff O'Neal submits to the jurisdiction of this Court.

5.     Upon information and belief, at all relevant times, Defendant Trulieve, Inc. is a corporation registered to do business within Florida.

6.     Defendant has, at all times material hereto, conducted substantial and continuous business within the Northern District of Florida, and are subject to the laws of the United States and the State of Florida.

7.     Defendant claims to be an industry leading, vertically integrated cannabis company, providing cannabis products and services to consumers.

8.     Plaintiff O'Neal was employed at Defendant's business located in Quincy, Florida.

9. Defendant provided services at various locations, including but not limited to Quincy, Monticello, and Midway, Florida and other locations (herein after "Facilities.")

## STATEMENT OF FACTS

10. The WARN Act defines a "plant closing" as follows:

> The permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site or employment, if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees.

29 U.S.C. §2101(a)(2).

11. WARN Act defines a "mass layoff" as a reduction in force which is not the result of a plant closing and results in an employment loss at a single site of employment during any 30-day period for at least 33% of the active employees (excluding part-time employees) and at least 50 employees (excluding part-time employees); or at least 500 employees (excluding part-time employees). 29 U.S.C. §2101(a)(3); 20 C.F.R. §639.3(c).

12. The distinction between a plant closing and a mass layoff, according to the regulations, is that a plant closing involves "employment loss which results from the shutdown of one or more distinct units within a single site or the entire site"

while a mass layoff "involves employment loss, regardless of whether one or more units are shut down at the site." 20 C.F.R. §639.3(c)(1).

13. An employer also must give notice under the WARN Act if the number of employment losses which occur during a 30-day period fails to meet the threshold requirements of a plant closing or mass layoff, but the number of employment losses for 2 or more groups of workers, each of which is less than the minimum number needed to trigger notice, reaches the threshold level, during any 90-day period, of either a plant closing or mass layoff. Job losses within any 90-day period will count together toward WARN threshold levels, unless the employer demonstrates that the employment losses during the 90-day period are the result of separate and distinct actions and causes.

14. Plaintiff and all other similarly situated employees were employees, employed by Defendant, who was their employer, for all relevant and required periods of time at Facilities.

15. Plaintiff and all other similarly situated employees were terminated as part of plant shutdowns or mass layoffs as defined by the WARN Act, for which they were entitled to receive 60 days' advance written notice under the WARN Act.

16. On or about November 29, 2022, Plaintiff, who worked for Defendant, was notified by Defendant's Human Resource personnel that her employment with Defendant was being terminated effective November 29, 2022.

17. Upon information or belief, other employees received a similar email as well.

18. Upon information or belief, at the beginning of 2022, Defendants had approximately 8,000 employees.

19. Prior to these layoffs, there were over 50 employees employed at the Quincy, Florida location.

20. Prior to these layoffs, there were over 50 employees employed at the Midway and Monticello, Florida locations.

21. Defendant was required by the WARN Act to give Plaintiff and the other similarly situated former employees or their representatives at least 60 days' advance written notice of their respective terminations.

22. Defendant was required by the WARN Act to give the state dislocated worker units and the chief elected official of the units of local government in which the affected facility was located at least 60 days' advance written notice of the terminations.

23. Despite the requirements of the WARN Act, Defendant did not provide, at least 60 calendar days prior to the plant closing or mass layoff, the required notice to the Plaintiff and the other similarly situated employees or their representatives who reported to the Facilities.

24. Despite the requirements of the WARN Act, Defendant did not provide, at least 60 calendar days prior to the closing or mass layoff, the required notice to the state dislocated worker units and to the chief elected officials of the unit of local government in which the affected facilities were located.

25. Pursuant to the WARN Act, Plaintiff maintain this action on behalf of herself and on behalf of each of the other similarly situated former employees.

26. Each of the other similarly situated former employees is similarly situated to Plaintiff in respect to his or her rights under the WARN Act.

27. Defendant was required by the WARN Act to give Plaintiff and the other similarly situated former employees or their representatives at least 60 days' advance written notice of their respective terminations.

28. Prior to their terminations, neither Plaintiff nor the other similarly situated former employees nor their representatives received written notice that complied with the requirements of the WARN Act.

29. Defendant failed to pay Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay, vacation, and other benefits which would have accrued for sixty (60) days following their respective terminations without notice and failed to provide them with health insurance coverage and other employee benefits.

## CLASS ACTION ALLEGATIONS

30. Plaintiff sues under Rule 23(a) and (b) of the Federal Rules of Civil Procedure and the WARN Act, on behalf of themselves, and a class of employees who worked at or reported to the Defendant's Facilities and were laid off without cause by Defendant as part, or as the reasonably foreseeable result, of plant shutdowns or mass layoffs ordered by Defendant at the Facilities (the "Class") on or about December 2, 2022 or during the period 90 days prior.

31. The persons in the Class ("Class Members") are so numerous that joinder of all members is impracticable as there are several hundred potential class members.

32. There are questions of law and fact common to the Class Members, namely:

> (a) Whether the Class Members were employees of Defendant's who worked at or reported to Defendant's facilities;

(b) Whether Defendant ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days' advance written notice as required by the WARN Act; and

(c) Whether Defendant was subject to any of the defenses provided for in the WARN Act.

33. The claims of Plaintiff are typical of the claims of the Class, as they were terminated as part of the plant shutdown or mass layoff and did not receive the requisite notice.

34. Plaintiff will fairly and adequately protect the interests of the Class.

35. Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

36. There is no conflict of interest between Plaintiffs and other members of the Class.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where the individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant and separate actions would create a risk of inconsistent or varying

adjudications with respect to individual Class Members and the adjudications with respect to individual Class Members would be dispositive of the interests of other members.

38. Defendant has acted on grounds that apply generally to the Class.

39. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

> (a) Whether the Class Members were employees of Defendant's who worked at or reported to Defendant's Facilities;
>
> (b) Whether Defendant ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days' advance written notice as required by the WARN Act; and
>
> (c) Whether Defendant was subject to any of the defenses provided for in the WARN Act.

## CAUSE OF ACTION
## WARN ACT VIOLATIONS

40. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime

within the United States as defined by the WARN Act, and employed more than 50 employees at the Facilities.

41. At all relevant times, the Defendant was an "employer" of the Class Members as that term is defined by the WARN Act.

42. On or about December 2, 2022 and during the 90 days prior, Defendant ordered "plant shutdowns" or "mass layoffs" as those terms are defined by the WARN Act.

43. Defendant's actions at the Facilities resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

44. Defendant's termination of the Class Members' employment constituted plant shutdowns or mass layoffs as defined by the WARN Act.

45. Plaintiff and each of the Class Members who were employed by Defendant and then terminated by Defendant as a result of Defendant's executing plant shutdowns or mass layoffs at the Facilities were "affected employees" as defined by the WARN Act.

46. Plaintiff and each of the Class Members are "aggrieved employees" of Defendant as that term is defined by the WARN Act.

47. Pursuant to the WARN Act, Defendant was required to provide at least 60 days' prior written notice of the termination, or notice as soon as practicable, to the affected employees, or their representative, explaining why the sixty (60) days' prior notice was not given.

48. Defendant failed to give at least sixty (60) days' prior notice of the termination in violation of the WARN Act.

49. Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 working days following their respective terminations, and failed to provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

50. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted, Plaintiff and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their terminations.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff and Class Members demand judgment against Defendant as follows:

 a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, and ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C§2104(a)(1)(A);

 b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiff and the other similarly situated former employees constitute a single class;

 c. Designation of Plaintiff as Class Representative;

 d. Appointment of the undersigned attorneys as Class Counsel;

 e. Interest as allowed by law on the amounts owed under the preceding paragraphs;

 f. The reasonable attorneys' fees and the costs and disbursements Plaintiff incurs in prosecuting this action, as authorized by the WARN Act; and

     g. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs further demand a jury trial on all issues so triable as of right.

Respectfully submitted,

/s/ Tiffany R. Cruz
**Tiffany R. Cruz**
Florida Bar No.: 090986
**Kevin C. Kostelnik**
Florida Bar No.: 118763

**CRUZ LAW FIRM, P.A.**
411 N. Calhoun St.
Tallahassee, FL 32301
850-701-8838
tiffany@tiffanycruzlaw.com
kevin@tiffanycruzlaw.com
meredith@tiffanycruzlaw.com

**Ryan D. Barack, B.C.S. (L&E)**
Florida Bar No. 0148430
Primary: rbarack@employeerights.com
Secondary: jackie@employeerights.com
**Kwall Barack Nadeau PLLC**
304 S. Belcher Road, Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax

Attorneys for Plaintiffs